UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

# MEMORANDUM

| | | | |
|---|---|---|---|
| Case No. | CV 11-6562 DSF (DTBx) | Date | 8/19/11 |
| Title | Ingeborg Hawkins, et al. v. U.S. Airways, Inc., et al. | | |

| Present: The Honorable | DALE S. FISCHER, United States District Judge |
|---|---|

| Debra Plato | Not Present |
|---|---|
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceedings:** (In Chambers) Order to Show Cause re Dismissal for Lack of Subject Matter Jurisdiction

"Federal courts are courts of limited jurisdiction" and "possess only that power authorized by [the] Constitution and statute . . . ." Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377 (1994). The party asserting federal jurisdiction has the burden of proof. Lewis v. Verizon Commc'ns, Inc., 627 F.3d 395, 399 (9th Cir. 2010).

Plaintiffs claim that the Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332, otherwise known as diversity jurisdiction. (Compl. ¶ 1.) Federal courts have diversity jurisdiction over civil actions where (1) the amount in controversy exceeds $75,000; and (2) there is complete diversity of citizenship between the opposing parties. 28 U.S.C. § 1332(a).

Plaintiffs have not met their burden of establishing complete diversity because they have not adequately alleged either Defendant's citizenship. Both Defendants are corporations. A corporation is a citizen of the state of its incorporation and the state where its principal place of business is located. 28 U.S.C. § 1332(c)(1). Although Plaintiffs have alleged the state where each Defendant was incorporated, they have not alleged where either Defendant's principal places of business is. (See Compl. ¶¶ 5-6.) For this reason, the Court orders Plaintiffs to show cause in writing by September 6, 2011 why this action should not be dismissed for lack of subject matter jurisdiction.

IT IS SO ORDERED.